FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2019 JUN 3 AM 9: 46

DR. ANDRE LAVON GRANT,
        Plaintiff,

v.                                    Case No: 6:19-cv-1003-ORL-40GJK

VOLUSIA COUNTY SCHOOL BOARD
d/b/a Volusia County Schools,
        Defendant.

_____

## COMPLAINT AND JURY DEMAND

Plaintiff, André L. Grant ("Grant") sues the defendant, Volusia County School Board ("School Board") and states:

### JURISDICTION

1. This is an action for declaratory and injunctive relief, and for damages in excess of $75,000.00 exclusive of interest and costs.

2. This is a civil action for Breach of Contract pursuant to Section 95.11(2)(b), Florida Statutes, and Race Discrimination brought pursuant to the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981 as amended and 42 U.S.C. §2000e., et seq. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343.

3. Plaintiff, André L. Grant has complied with all jurisdictional prerequisites to action under the Florida Civil Rights Act of 1992 ("FCRA"), and Title VII in that he has timely filed a complaint with both the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations. Further, the EEOC on its own behalf and on behalf of the Florida Commission of Human Relations, has issued a determination that it is unable to conclude that the information obtained establishes violations of the statutes, but does not certify that the respondent is in compliance with the statutes and has given Grant the right to sue the defendant, School Board. Grant timely brought this action. A copy of the Right to Sue Letter is marked "Exhibit A", and is attached to this complaint.

## PARTIES

4. At all times material hereto, Dr. André L. Grant was a male educator and was seeking employment as a French teacher with Volusia County School Board in Volusia County, Florida.

5. At all times material hereto, Defendant School Board was the local School Board with authority to manage, control, operate and administer the School District in De Land, Volusia County, Florida. The School Board was an employer within the meaning of 42 U.S.C. §2000e(b) and Florida Statutes section 760.02(7).

## ALLEGATIONS COMMON TO ALL COUNTS

6. Dr. Grant is an educator with 20 plus years of experience in teaching in the state of Florida. He is a graduate of Spruce Creek High School, class of 1979. He possesses a Bachelor of Science degree in physical education, Master's of Arts degree in teaching and educational leadership, and Doctorate in educational leadership. At the time of the non-selection complained herein, was certified by the state of Florida in educational leadership, exceptional student education, French, health, and physical education. At the time of the non-selection, Dr. Grant was a team member for AdvancEd, a worldwide school accreditation organization, and had served on numerous external reviews for the state of Florida and the state of Georgia. At the time of the non-selection, Dr. Grant was a peer-reviewer for the United States Department of Education, Postsecondary Education, having peer-reviewed numerous educational grants.

7. Plaintiff Grant possessed experience as a French teacher both within the Volusia County school system and at schools outside the Volusia County school system.

8. Plaintiff Grant further possessed experience in acting as an assistant principal both within the Volusia County school system and at schools outside the Volusia County school system.

9. On June 12, 2017, Grant interviewed for the French vacancy which was open at Spruce Creek High School.

10. On July 12, 2017, the school principal offered Grant the French vacancy at Spruce Creek High School through electronic transmission. A copy of the email, marked Exhibit "B", and is attached to this

complaint. On July 20, 2017 the school principal rescinded the offer to Grant for the French vacancy.

11. Instead of appointing Dr. Grant to the position that he was offered and had accepted, and that he was well-qualified, Defendant selected a white male to become the French teacher at Spruce Creek High School. No Caucasian male had applied for the position at the time the position was advertised, and no Caucasian male took part in the interview process at the time plaintiff Grant interviewed. Grant was substantially more qualified than the Caucasian male that filled the French position at Spruce Creek High School.

### Count I: Breach of Contract against Volusia County School Board

12. This is an action for breach of contract against school board for damages in excess of $75,000.00, exclusive of attorney's fees, and costs, plead in the alternative or in addition to the other counts of this complaint.

13. Grant incorporates and realleges the allegations of paragraphs 1 through 11 as if fully set forth Herein.

14. On July 12, 2017, in Daytona Beach, Florida, Volusia County, Dr. Grant and the principal of Spruce Creek High School mutually agreed through offered and accepted in writing through electronic transmission (email) that the plaintiff would serve as a French teacher at Spruce Creek High School.

15. On July 12, 2017, the plaintiff entered into employment for the defendant, school board under the agreement, and performed all of the terms and conditions of the agreement on the plaintiff's part to be performed. The plaintiff has ever since, and still is, ready and willing to continue in such service.

16. On July 20, 2017, defendant wrongfully discharged plaintiff and refused to permit plaintiff to serve as agreed, although plaintiff offered to continue in the service of defendant and to perform the agreement. Plaintiff's discharge was and is wrongful and in violation of the agreement between the parties. By failing to abide by the agreement, the school board breached the contract.

17. For the above reasons, plaintiff has been damaged in the sum of $100,000.00 including cost of insurance, and the district's contribution to the plaintiff's retirement to the Florida Retirement System (FRS), no part of which has been paid.

18. As a result of the school board's illegal action, Dr. Grant has been damaged. He has not obtained equivalent employment. He therefore has lost wages, and benefits. He further suffered loss of prestige, loss of a sense of accomplishment, mental anguish and impaired capacity to enjoy life.

### Count II: Violation of Florida Statutes §760.10, Refusal to Hire Based on Race

19. Grant incorporates and realleges the allegations of paragraphs 1 through 11 as if fully set forth herein.

20. As set forth above, Dr. Grant was subject to discrimination on account of his race with respect to the school board's decision to refuse to hire him or place him in the French position for which he interviewed. The position was offered and accepted by Dr. Grant, but Defendant rescinded the offer and assigned the position to a Canadian Caucasian male who did not apply for the position and did not interview for the position at the time plaintiff applied and interviewed. Furthermore, the Canadian Caucasian male selected for the position was not as qualified as plaintiff for the French position in question.

21. The school board knew or should have known that this race-based discrimination would violate the FCRA. Dr. Grant was never given any reasonable explanation for the refusal to hire him or for hiring the Canadian Caucasian male. To the extent that any explanation was ever given, the explanations are unjustifiable.

22. Although the Defendant School Board knew or should have known that its race-based discrimination against Dr. Grant violated the law, it nevertheless disregarded the law when it declined to hire him for the French position and instead chose a Canadian Caucasian male for the French position at Spruce Creek High School.

23. As a result of the school board's illegal action, Dr. Grant has been damaged. He has not obtained equivalent employment. He therefore has lost wages, and benefits. He further suffered loss of prestige, loss of a sense of accomplishment, mental anguish and impaired capacity to enjoy life.

### Count III: Violation of Title VII, Refusal to Hire Based on Race

24. Grant incorporates and realleges the allegations of paragraph 1 through 11 as if fully set forth herein.

25. As set forth above, Dr. Grant was subject to discrimination on account of his race with respect to the school board's decision to refuse to hire him or place him in the French position for which he interviewed. The position was offered and accepted by Dr. Grant, but Defendant rescinded the offer and assigned the position to a Canadian Caucasian male who did not apply for the position and did not interview for the position at the time plaintiff applied and interviewed. Furthermore, the Canadian Caucasian male selected for the position was not as qualified as plaintiff for the French position in question.

26. The school board knew or should have known that this race-based discrimination would violate Title VII. Dr. Grant was never given any reasonable explanation for the refusal to hire him or the hiring of the Canadian Caucasian male. To the extent that any explanation was ever given, the explanations are unjustifiable.

27. Although the Defendant School Board knew or should have known that its race-based discrimination against Dr. Grant violated the law, it nevertheless disregarded the law when it declined to hire him for the French position and instead chose a Canadian Caucasian male for the French position at Spruce Creek High School.

28. As a result of the school board's illegal action, Dr. Grant has been damaged. He has not obtained equivalent employment. He therefore has lost wages, and benefits. He further suffered loss of prestige, loss of a sense of accomplishment, mental anguish and impaired capacity to enjoy life.

### Count IV: Violation of Florida Statutes §760.10 (7), Retaliation

29. Grant incorporates and realleges the allegations of paragraph 1 through 11 as if fully set forth herein.

30. As a result of Dr. Grant filing formal charges with the Equal Employment Opportunity Commission (EEOC) against the school board, the defendant school board took an adverse employment

action against him by refusing to hire him for the Exceptional Student Education (ESE) Mathematics Teacher position at Campbell Middle School after multiple requests by school officials or hire the plaintiff as a substitute teacher.

31. The school board knew or should have known that retaliating against the plaintiff, Dr. Grant, would violate the FCRA. Dr. Grant was never given any reasonable explanation for the refusal to hire him for the Exceptional Student Education (ESE) Mathematics position at Campbell Middle School. To the extent that any explanation was ever given, the explanations are unjustifiable.

### Count V: Violation of Title VII, Retaliation

32. Grant incorporates and realleges the allegations of paragraph 1 through 11 as if fully set forth herein.

33. As a result of Dr. Grant filing formal charges with the Equal Employment Opportunity Commission (EEOC) against the school board, the defendant School Board took an adverse employment action against him by refusing to hire him for the Exceptional Student Education (ESE) Mathematics Teacher position at Campbell Middle School after receiving multiple requests from school officials or as a substitute teacher.

34. The school board knew or should have known that retaliating against the plaintiff, Dr. Grant, would violate the FCRA. Dr. Grant was never given a reasonable explanation for the refusal to him as Exceptional Student Education (ESE) Mathematics Teacher position at Campbell Middle School or as a substitute teacher. Dr. Grant was never given any reasonable explanation for the refusal to hire him as a substitute teacher. To the extent that any explanation was ever given, the explanations are unjustifiable.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, Dr. André L. Grant, respectfully requests that this court:

a. Adjudge and decree that the defendant has violated the Florida Civil Rights Act of 1992, and Title VII of the Civil Rights Acts of 1964;

b. Enter a judgment requiring the defendant to pay plaintiff appropriate back pay, front pay,

benefits adjustment, and prejudgment interest in amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against the School Board and in favor of Dr. Grant for compensatory damages, mental anguish and personal suffering;

    d. Require the School Board to place Dr. Grant in the position of French teacher at Spruce Creek High School or at an equivalent high school, at the same rate of pay and with the same benefits he would have been earning had he not been discriminated against at the time complained of herein;

    e. Award Dr. Grant the costs of this action, together with a reasonable attorney's fee; and

    f. Award Dr. Grant such additional relief as the court deems just and proper under the circumstances. and

    g. Require the School Board to pay the yearly retirement payment into the plaintiff's retirement account with the Florida Retirement System (FRS).

## JURY DEMAND

Plaintiff, Dr. Grant demands trial by jury as to all issues so triable.

By: _____
Dr. André L. Grant
628 Hudson Street
Daytona Beach, FL 32114-5114
(352) 807-1474 Mobile
andrelavon_grant@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished to: Mr. Carl Persis, Chairman, Volusia County School Board, and Stacey J. Manning, Esquire, General Counsel, P.O. Box 2118, DeLand, FL 32721-2118 this 3rd day of June, 2019.

_____
Dr. André L. Grant, Pro Se